UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF : | |
| THE EXTRADITION OF : | |
| MARIA DE GRACA LOPES : | Case No. 1-24-mj-49 |
| LOURENCO BRUNNER : | |

**GOVERNMENT'S SUPPLEMENT TO THE JOINT STATUS REPORT AND OPPOSITION TO A FURTHER CONTINUANCE**

The United States of America respectfully submits this supplement to the parties' recently filed Joint Status Report [ECF 27] and opposition to the relief requested in Lourenco's supplement to that status report [ECF 28].

Lourenco's filing, although framed as part of a Joint Status Report, is in substance a motion for what would be the third continuance of her extradition hearing. That much is clear because Lourenco (1) seeks to delay the hearing to a date uncertain, far beyond the "close to… June 24" timeframe announced in the Court's 5/24/24 minute order; and (2) does so based on new justifications that were not part of her previous continuance motion. The government maintains that a Joint Status Report is a procedurally improper place to raise new requests for relief and to present adversarial briefing. Regardless, the government will briefly respond to the arguments in Lourenco's filing.

As the government has previously argued, Lourenco's requested continuances would not "appreciably advance" the "resolution of any contested issue" because she has provided no reason to believe they will lead to the discovery of explanatory evidence. *See, e.g.*, ECF 25 at 3 (quoting *Quinn v. Robinson*, 783 F.2d 776, 817 (9th Cir. 1986)). The result of the Philippines discovery motion validates that argument: the newly obtained evidence is not remotely "explanatory," and

serves mostly to corroborate the allegations against her.[1] These items include photographs depicting extensive blood stains on the floor inside the house and on a chair near the railing from the assault on Mr. Brunner. ECF 28-3 at 16, 17. The photographic evidence corroborates not only Mr. Brunner's recollection of the attack, but also eyewitness account of Rudilla Jatico y Baya, who saw a "red thing" on Mr. Brunner's head and then saw Lourenco pull Mr. Brunner from the terrace and physically drag him inside the house. ECF 1-1 at 57, 103. The materials also include a photograph of the meat tenderizer used to bludgeon Mr. Brunner in the head. ECF 28-3 at 42.

With the Philippines authorities having voluntarily provided responsive materials, Lourenco does not appear to argue that the Philippines discovery motion predicating her prior continuance motion is still "pending." She instead argues that further delay is necessary because her Philippines counsel "intends" to pursue two separate and additional avenues of investigation: a yet-unfiled "motion for a subpoena to Jabez Medical Center" and a yet-unmade "request [for] an in-person inspection of the full police file in her case." ECF 28 at 4. These additional steps are ones that Lourenco could have taken earlier but did not — indeed, *still* has not. If the hearing is to be further delayed based on Philippines counsel's future plans to file additional motions, then this can go on forever, with Lourenco perpetually identifying some new stone still unturned in her search for explanatory evidence, the existence of which remains entirely speculative.

Moreover, the examples of evidence that Lourenco hopes to find (DNA and medical records) only illustrate the futility of a further search for evidence that is legally irrelevant to the narrow questions before this Court. The line between "explanatory" and "contradictory" evidence is not always clear, but it is here: If Lourenco were to discover that someone else's DNA was on

---

[1] By describing this evidence the government does not concede that it is properly part of the record for Lourenco's extradition hearing. The fact remains that Lourenco can only offer explanatory evidence, which this is not.

the weapon instead of hers, that would (at best) *contradict* the Philippines' evidence that she was the assailant. If Lourenco were to discover medical records showing that the victim's condition was less serious than elsewhere described, that would (again, at best) *contradict* the Philippines' evidence of the severity of the injuries. The possible existence of "explanatory evidence" requires the existence of some plausible explanatory *theory*, and Lourenco has never articulated one.

Accordingly, the Court should deny Lourenco's *de facto* continuance motion and set this matter for an extradition hearing for a date "close to but after June 24, 2024" as contemplated in the May 24 minute order. Government counsel have wide availability in the month of July. Lourenco's counsel have declined the government's request to provide date ranges for their availability but have indicated they will do so at the request of the Court.

    Respectfully Submitted,

    Matthew M. Graves
    United States Attorney
    D.C. Bar Number 481052

By: */s/ Conor Mulroe*
    Conor Mulroe
    Assistant U.S. Attorney
    NY Bar Number 5289640
    United States Attorney's Office
    601 D Street, NW, 5th Floor
    Washington, D.C. 20530
    (202) 740-4595
    Conor.Mulroe@usdoj.gov